THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | NO. 04-734 |
| v. | : | |
| | : | |
| JOHN TIGGETT | : | CIVIL |
| | : | NO. 08-2835 |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.,**                                                                                    **February 13, 2009**

John Tiggett asks this Court to find he deserves a new trial because his appellate counsel failed to argue inaccuracies in his criminal history improperly increased his sentence. Because I find counsel reasonably did not raise a frivolous issue, I will deny Tiggett's motion.

**FACTS**

Agents of Immigration and Customs Enforcement discovered cocaine concealed in a bag of coffee and a bottle of rum punch when Tiggett returned to Pennsylvania from Jamaica. After a jury convicted Tiggett of importing more than 500 grams of cocaine in violation of 21 U.S.C. § 952(a), on June 20, 2005, I sentenced Tiggett to 150 months' imprisonment followed by four years of supervised release. The Third Circuit affirmed Tiggett's judgment of sentence on March 12, 2007, and he filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255[1] on

---

[1]In relevant part, section 2255 provides:
Federal custody; remedies on motion attacking sentence
    (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

June 11, 2008.  A section 2255 motion filed within one year plus 90 days to allow for a petition for certiorari from the date conviction is timely.  *United States v. Davies*, 394 F.3d 182, 186 (3d Cir. 2005).

At sentencing, Tiggett's counsel argued for an assessment of five criminal history points, placing him in category III. The Presentence Investigation Report (PSIR) placed Tiggett's criminal history at thirteen points, placing him in category VI.  Tiggett objected to a two-level increase for obstructing justice and to the assessment of six of his 13 criminal history points.  The Guidelines

---

sentence.
(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
(c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.    . . .
(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

prescribe a two-level increase in the offense level for "obstructing] or imped[ing], the administration of justice with respect to the investigation, prosecution, or sentencing . . ." U.S.S.G. § 3C1.1.  The Government suggested at sentencing Tiggett's obstruction of justice, particularly the inaccuracies in his testimony and the suggestion he attempted to intimidate a Government witness, could be used to determine where in the Guideline range his sentence would fall, rather than raising the offense level.  Because I take seriously any allegation of witness intimidation, I raised Tiggett's offense level by two for obstruction of justice.  It is, however, a distinction without a difference.  An offense level of 26, rather than 28, with a criminal history category of VI results in a Guideline range of 120-150 months.  I sentenced Tiggett to 150 months which is the top of offense level 26 or the middle of offense level 28's rnge of 140 to 175 months

At the time of sentencing, Tiggett's attorney argued six of the 13 criminal history points were incorrectly assessed.  The PSIR assessed Tiggett two criminal history points for a disorderly person conviction in May, 1995.  On that conviction, Tiggett was unable to pay the fine and costs, so the court commuted his sentence to 74 days in jail, the time he had served.  During that encounter with police, Tiggett vigorously resisted an arresting officer.  Under § 4A1.1(b) any sentence of more than 60 days is assessed two criminal history points.

The second disputed criminal history points were assessed for an arrest in October, 1995 for a violent episode in which Tiggett threw a rock at a young woman, striking her.  He then chased her to her mother's apartment, broke and struck the woman.  Again Tiggett was sentenced to fines and costs which was again converted in March, 2000, to 74 days incarceration.  The third criminal history points Tiggett objected to at sentencing were assessed for simple assault for a September 1999 incident with his girlfriend.  In 2000, Tiggett violated a "stay away" order, the 1999 case was

recalled and he was sentenced to 180 days in jail. Under § 4A1.1(b) he received an added two criminal history points for the incident. Five criminal history points are undisputed, three for criminal contempt and burglary in December 1999 and two for committing the present offense less than two years after his release from a three-year sentence. §4A1.1(e)

Had Tiggett's arguments prevailed at sentencing, his criminal history category of III and offense level of 26 would have resulted in a Guideline range of 78 to 97 months. I accepted the PSIR's calculation of criminal history points and, pointing out Tiggett's history of violence and lack of remorse, sentenced him to 150 months. Tiggett asserts this was an error and appellate counsel's failure to argue this issue on Tiggett's direct appeal constitutes ineffective assistance of counsel.

**DISCUSSION**

Tiggett asks this Court to find ineffective assistance of appellate counsel resulted in a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Tiggett's sole objection to counsel's actions during his appeal is counsel's failure to argue this Court erred by placing Tiggett's criminal history in category VI rather than category III.

The right to counsel is the right to effective representation by counsel. U.S. Const. amend. VI; *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (holding defendant's due process rights to effective assistance of counsel apply on his first appeal as of right). Under the two-part test of *Strickland v. Washington,* 466 U.S. 668 (1984), Tiggett must demonstrate his counsel's performance "fell below an objective standard of reasonableness," *Id.* at 688, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Trial and appellate attorneys are granted broad discretion to make the strategic choices they feel will best serve their clients. *Strickland*, 466 U.S. at 694-95. Therefore, "judicial scrutiny of counsel's performance must be highly deferential." *Id*. There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*.

This Court has discretion to impose a sentence best serving the interests of justice. *United States v. Booker*, 543 U.S. 220, 233 (2005). Findings of fact with regards to sentencing issues are subject to appellate review only if they are clearly erroneous. *United States v. Yeaman*, 194 F.3d 442, 456 (3d Cir. 1999). In deciding an ineffectiveness claim, a court must assess the reasonableness of counsel's challenged conduct as viewed at the time. *Stickland*, 466 U.S. at 690. A court must avoid second-guessing counsel's strategic decisions from the superior vantage point of hindsight. *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989).

A decision which issues to pursue on appeal are strategic. *Albrecht v. Horn*, 485 F.3d 103, 138 (3d Cir. 2007). Counsel is not ineffective for failing to raise frivolous issues. *Smith v. Robbins*, 528 U.S. 259, 272 (2000) (holding attorneys are under an ethical duty to refrain from raising frivolous arguments). Counsel's strategic choice not to pursue the computation of Tiggett's criminal history on appeal does not rise to the level of ineffective assistance because this Court's calculations were correct and I exercised my discretion to fashion a reasonable sentence.

Tiggett is not questioning the reasonableness of a Guideline sentence. *See Rita v. United States*, 551 U.S. 338 (2007). Tiggett argues a different block of the Guideline sentencing grid applies. With respect to Tiggett's first issue, the enhancement of his base offense level by two, the

trial judge may find obstruction of justice when a defendant's testimony is "false, material, and made with the willful intent to provide false testimony. . ." *United States v. Gilmore* 553 F.3d 266, 271 n.2 (3d Cir. 2009). The offense level of 28 is correctly calculated and Tiggett's appellate counsel had no reason to challenge it on appeal.

When I turn to Tiggett's complaints about the assessment of criminal history points, I have no problem finding each point properly assessed. In two of the challenged prior convictions, Tiggett faced and served jail terms, the arrests in 1999. Under § 4A1.1, there can be no question about the propriety of assessing the assigned criminal history points. The two points assessed for Tiggett's first adult arrest present a closer call because arguably he was sentenced to fines and costs and his jail term was an administrative rather than a punitive act. Even if those two criminal history points were subtracted, the result would be the same. Eleven, rather than 13, criminal history points result in category V and the Guideline range for Offense Level 28 and category V is 130 to 162 months. Under either calculation, the sentence Tiggett received is within the Guidelines.

When an appellate counsel chooses his issues, which is within his purview, *Strickland* commands us to assume he has selected the issues on which he see the best opportunity to prevail. In this case counsel unsuccessfully argued on direct appeal Tiggett was coerced into speaking, a *Batson*[2] claim on jury selection, and violations in admitting questioning about his prior convictions. The addition of Tiggett's sentencing arguments would not have changed the outcome. Counsel is not required to make frivolous argument.. Therefore, Tiggett's counsel was not ineffective on his appeal and I will deny his Motion under section 2255.

---

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986).

Generally, a prisoner is entitled to an evidentiary hearing on a § 2255 motion. *United States v. Nino*, 878 F.2d 101, 103 (3d Cir. 1989). However an exception exists when the motion, files, and record of a case make clear prisoner is entitled to no relief. *Id*. Whether the filings conclusive show prisoner is entitled to no relief is within the sound discretion of the district court. *Id*. For all the foregoing reasons it is clear prisoner's § 2255 claim is without merit. Accordingly, Tiggett's § 2255 motion will be denied without an evidentiary hearing.

An appropriate order so follows.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | NO. 04-734 |
| v. | : | |
| | : | |
| JOHN TIGGETT | : | CIVIL |
| | : | NO. 08-2835 |

## **ORDER**

And now this 13th day of February, 2009, Petitioner's Motion to Vacate, Correct, or Set Aside Sentence (Document 69) is DENIED. No grounds exist to issue a certificate of appealability.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez                                    J.